UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

KENYATTA QUINN MITCHELL,
CDCR #BC-0837,

Plaintiff,

vs.

COUNTY OF SAN DIEGO and COUNTY BOARD OF PAROLE COMMISSIONERS,

Defendants.

Case No. 3:26-cv-6013-CAB-GC

**ORDER:**

**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, [Doc. No. 2];**

**(2) DENYING MOTION TO APPOINT COUNSEL, [Doc. No. 4]; and**

**(3) DISMISSING COMPLAINT, [Doc. No. 1].**

Plaintiff Kenyatta Quinn Mitchell, a prisoner incarcerated at R.J. Donovan Correctional Facility and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").] Mitchell alleges that prior to his incarceration, a parolee under the Defendants' supervision violated a domestic violence restraining order and attacked him and his girlfriend. [*Id.* at 4.] He claims the Defendants' negligent supervision of the parolee violated his Fourteenth Amendment right to equal

protection, his Eighth Amendment right to be free from cruel and unusual punishment, and state law. [*Id.* at 4–8.] Plaintiff has also filed a motion to proceed *in forma pauperis*, [Doc. No. 2], and a motion to appoint counsel, [Doc. No. 4].

For the reasons discussed below, the Court **DENIES** Plaintiff's IFP motion, **DENIES** Plaintiff's motion to appoint counsel, and **DISMISSES** his Complaint.

## I. IFP MOTION

### A. Legal Standard

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350, and those not granted leave to proceed IFP must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim,'" *King*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (citation omitted).

**B. Plaintiff's Prior "Strikes"**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP. *King*, 398 F.3d at 1119. But "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Upon review of its own dockets and those of the Ninth Circuit Court of Appeal, the Court finds that Plaintiff, while incarcerated, has had at least four prior civil actions and appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Fed. R. Evid. 201(b)(2); *Tiedemann v. von Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (noting that courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).

///

///

///

///

///

///

///

They are:

(1) *Mitchell v. Chula Vista Parole*, Case No. 20-cv-919-MMA-AHG, 2020 WL 5106653, at *8 (S.D. Cal. Aug. 31, 2020) (Order dismissing civil action "based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)");[1]

(2) *Mitchell v. Chula Vista Parole Bd.*, No. 20-56064, 2021 WL 11505176, at *1 (9th Cir. Aug. 19, 2021) ("[W]e conclude this appeal is frivolous.");

(3) *Mitchell v. Bennett*, No. 22-cv-1011-BAS-BGS, 2023 WL 4003473, at *3 (S.D. Cal. June 13, 2023) (Order dismissing civil action for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)); and

(4) *Mitchell v. Bennett*, No. 23-55577, 2024 WL 3226570, at *1 (9th Cir. Mar. 29, 2024) ("[W]e conclude that this appeal is frivolous."), *cert. denied,* 145 S. Ct. 303 (2024).

Plaintiff acknowledges the Court has previously found that those cases constitute strikes but argues they do not constitute strikes because "they were *Heck* barred and were not dismissed because they were frivolous, malicious or failed to state a claim." [Complaint at 10.] Plaintiff is incorrect, as none of the dismissal orders cited above contain a citation to *Heck v. Humphrey*, 512 U.S. 477 (1994) or were dismissed as *Heck*-barred.

Accordingly, because Plaintiff accumulated four qualifying strikes pursuant to § 1915(g) before he filed this case, he cannot proceed IFP unless he meets the imminent danger exception to the three strikes provision of the PLRA.

### C. Imminent Danger of Serious Physical Injury

In order to qualify for § 1915(g)'s exception, Plaintiff's pleading must contain a

---

[1] This counts a strike under § 1915(g) because Plaintiff's case was dismissed "as a whole" for two separate qualifying reasons: (1) Plaintiff's allegations failed to state a claim upon which § 1983 relief could be granted; and (2) it was clear from the face of his pleading that Plaintiff's claims were time-barred. *See Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019); *Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015) (concluding that the dismissal of a time-barred complaint "for failure to state a cause of action upon which relief could be granted" was properly "assessed as a strike" pursuant to 28 U.S.C. § 1915(g)).

"plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055; *see also* 28 U.S.C. § 1915(g). "Imminent danger" requires an allegation that a harm is "ready to take place," or "hanging threateningly over one's head," *Cervantes*, 493 F.3d at 1056, and "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (citing *Cervantes*, 493 F.3d at 1053). Instead, "the exception functions as a limited safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger stemming from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

The Complaint contains no allegation suggesting he faced "imminent danger of serious injury" at the time of its filing but instead complains of a failure to adequately supervise a parolee prior to Plaintiff's incarceration. [*See* Complaint at 4–8.] Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past injury or generalized fears of possible future harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."). The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056.

Plaintiff argues that his "current confinement at RJD is a cumulation of hazardous conditions including but not limited to: poor ventilation, poor lighting, unfiltered contaminated water, shutting water off for prolonged periods of time without providing water stations or bottled water, [and] unsanitary cooking [and] food handling prep areas." [Complaint at 10–11.] These allegations do not plausibly allege Plaintiff is facing imminent harm stemming from the alleged violations asserted in the Complaint. *See Ray*, 31 F.4th at 701 ("[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in

the complaint."); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (assertions of past danger, without explanation of how these harms create a likelihood of imminent serious physical injury, are insufficient); *see also e.g., Driver v. Pohovich*, No. 2:22-cv-1672 DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), report and recommendation adopted, 2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was under threat of imminent danger based on the excessive force incidents" alleged in the complaint that purportedly occurred about two months before filing the complaint).

Therefore, because Plaintiff's litigation history shows he has suffered at least three "strikes" pursuant to 28 U.S.C. § 1915(g), and he does not plausibly allege to have been in "imminent danger of serious physical injury" at the time he filed his Complaint, the Court **DENIES** him leave to proceed IFP and **DISMISSES** the action. *See Cervantes,* 493 F.3d at 1055. If Plaintiff wishes to proceed with this action, Plaintiff may **pay the filing fee within 45 days of the date this Order is filed**. *See Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

## II. MOTION TO APPOINT COUNSEL

Plaintiff requests appointment of counsel on the basis that he is unable to afford an attorney, and his imprisonment limits his ability to litigate this action which involves complex issues. [Doc. No. 4 at 1–3.] There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (only "exceptional circumstances" support discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability to articulate claims in light of their

legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff has demonstrated that he is capable of legibly articulating the facts and circumstances relevant to his claims which are not legally complex and has not shown a likelihood of success on their merits. [*See* Complaint at 1–12.] Accordingly, the Court **DENIES** Plaintiff's motion to appoint counsel.

## III. CONCLUSION

For all the reasons discussed, the Court:

(1) **DENIES** Plaintiff's motion to proceed IFP as barred by 28 U.S.C. § 1915(g), [Doc. No. 2];

(2) **DENIES** Plaintiff's motion to appoint counsel, [Doc. No. 4]; and

(3) **DISMISSES** this civil action based on Plaintiff's failure to pay the full $405 statutory and administrative civil filing fee required by 28 U.S.C. § 1914(a). Unless Plaintiff pays the civil filing fee within **forty-five (45) days** of the date this Order is filed, the Clerk of Court shall close the case without further order from the Court.

**IT IS SO ORDERED**.

Dated: November 24, 2026

Hon. Cathy Ann Bencivengo
United States District Judge